# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ALASKA

UNITED STATES OF AMERICA

Plaintiff,

v.

AUGUST FREDERICK SEABREASE

Defendant.

3:25-cr-00060-ACP

**ORDER DENYING MOTION
FOR JUDGMENT OF ACQUITTAL**
[Dkt. 90]

Defendant August Frederick Seabrease has moved for a judgment of acquittal pursuant to Federal Rule of Criminal Procedure 29, reasserting his argument that the evidence is insufficient to sustain a conviction under 18 U.S.C. § 2422(b). (Dkt. 90) The Government opposes Seabrease's request. (Dkt. 94) For the reasons stated herein, Seabrease's motion is **DENIED**.

Pursuant to Rule 29, the Court assesses the evidence to determine whether it is sufficient to sustain a conviction. If the Court finds the evidence is insufficient to sustain a conviction, it "may set aside the verdict and enter an acquittal." Fed. R. Crim. P. 29(c)(2).

The Supreme Court has established a two-step inquiry for courts considering a challenge to a conviction based on sufficiency of the evidence. *Jackson v. Virginia*, 443 U.S. 307 (1979). First, a reviewing court must consider the evidence presented at trial in the light most favorable to the prosecution. *Id*. at 319. Second, after viewing the evidence in the light most favorable to the prosecution, the reviewing court must determine whether this evidence, so viewed, is adequate to allow "*any* rational trier of fact [to find] the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Put another way, a court must affirm a conviction if "viewing the evidence in the light most favorable to the government, any rational trier of fact could have found [the defendant] guilty beyond a reasonable doubt of each element of the crimes charged." *United States v.*

*Mann*, 389 F.3d 869, 878 (9th Cir. 2004) (quoting *United States v. Corral-Gastelum*, 240 F.3d 1181, 1183 (9th Cir. 2001)).

"It is not the district court's function to determine witness credibility when ruling on a Rule 29 motion." *United States v. Alarcon-Simi*, 300 F.3d 1172, 1176 (9th Cir. 2002). The Ninth Circuit has explained that when "ruling on a Rule 29(c) motion, a district court must bear in mind that 'it is the exclusive function of the jury to determine the credibility of witnesses, resolve evidentiary conflicts, and draw reasonable inferences from proven facts.'" *See United States v. Rojas*, 554 F.2d 938, 943 (9th Cir.1977) (quoting *United States v. Nelson*, 419 F.2d 1237, 1242 (9th Cir. 1969)). Therefore, in a case involving factual disputes and credibility determinations, courts "must presume . . . that the trier of fact resolved any such conflicts in favor of the prosecution, and must defer to that resolution." *United States v. H.B.*, 695 F.3d 931, 935 (9th Cir. 2012) (*quoting Jackson*, 443 U.S. at 326).

Here, Seabrease argues that the evidence presented at trial was insufficient to prove that he intended to persuade, induce, entice or coerce a minor to engage in sexual activity with him. (Dkt. 90 at 3) Seabrease appears to concede there may have been "an arrangement to meet for sex," but argues that the evidence did not establish "persuasion, inducement, enticement and coercion" on Seabrease's part. (Dkt. 90 at 6)

But Seabrease's argument can only succeed if the evidence is viewed in the light most favorable to him, which turns the standard upside down. Viewing the evidence in a light most favorable to the prosecution, as courts must when reviewing motions of this nature, the record was clearly sufficient for a rational trier of fact to find Seabrease guilty of the charged offense.

The Government presented extensive documentary evidence and witness testimony. For example, the Government introduced text and audio messages resulting from a lengthy exchange between Seabrease and someone he thought was a minor. (Gov. Trial Ex. 1, 3, 6, admitted at Dkt. 80) When the communications became overtly sexual, Seabrease eagerly continued. (*Id.*) And Seabrease does not dispute that he intended to engage in sexual activity with a minor. (Dkt. 90 at 3) At best, this evidence presents an "evidentiary conflict" to be resolved by the jury. *See Rojas*, 554 F.2d at 943. And even if the facts of this case

differ from other cases the Ninth Circuit has upheld under the same statute, that does not render them inadequate—different cases have different facts. *See United States v. Goetzke*, 494 F.3d 1231, 1236 (9th Cir. 2009).

The evidence was sufficient for the jury to find that Seabrease attempted to persuade, induce, entice, and coerce a 13-year-old to engage in criminal sexual activity and took substantial steps toward that result. As such, Seabrease's motion for a judgment of acquittal is **DENIED**.

IT IS SO ORDERED.

DATED August 10, 2026, at Anchorage, Alaska.

/s/ *Aaron Christian Peterson*
Aaron Christian Peterson
United States District Judge